without notice, or that he himself is a bona fide purchaser without notice.

Verdict for defendant.

NOTE. The general rule is that a purchaser has constructive notice only of such facts relating to the land as appear in the muniments of title, which it is necessary for him to inspect, in order to ascertain the sufficiency of such title. 3 Washb. Real Prop. 596, and a large collection of authorities in note 4. As where a prior unrecorded mortgage is recited in a second mortgage, the grantee takes subject to same. Baker v. Mather, 25 Mich. 51. See, also, Polk v. Cosgrove [Case No. 11,248.] [A writ of error was sued out in the supreme court, where the judgment of the court below was affirmed. 8 Wall. (75 U. S.) 27.]

MILLS (STOBAUGH v.). See Case No. 13,461.

MILLS (UNITED STATES v.). See Case No. 15,777.

## Case No. 9,616.

### MILLS v. WILSON

[2 Cranch, C. C. 216.] 1

Circuit Court, District of Columbia. Nov. Term, 1820.

ATTACHMENT—AFFIDAVIT—NOTE INDORSED—PRODUCTION OF NOTE.

Upon an attachment, issued by a justice of the peace, under the Virginia act of 26th December, 1792 (section 6), if the plaintiff's claim arise, in part, upon a note of the defendant, taken up by the plaintiff, who was the indorser, the plaintiff's own affidavit is not sufficient evidence of the debt, without producing the note.

This was an attachment issued by a justice of the peace, under the act of Virginia of the 26th of December, 1792 (section 6). The plaintiff [W. N. Mills] offered his own oath as to the debt, stating that it arose, in part, upon the defendant's note, which had been indorsed by the plaintiff, and by him taken up; but did not produce the note. His affidavit stated that the defendant [William Wilson] was indebted to him in, at least, the sum of $1,000.

THE COURT (nem. con.) required the plaintiff to produce further evidence of his claim, not being satisfied with the affidavit.

MILLS, The AROMA. See Case No. 2,041.

MILLS COUNTY (BROOKS v.). See Case No. 1,955.

MILLS, The LILLIE. See Case No. 8,352.

MILLWARD (HODGSON v.). See Case No. 6,568.

MILLWARD (SEDGWICK v.). See Case No. 12,618.

MILN (SMITH v.). See Case No. 13,081.

1 [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 9,617.

### MILNE et al. v. HUBER et al.

[3 McLean, 212.] 1

Circuit Court, D. Ohio. July Term, 1843.

STATUTES—REPEAL—REPEAL OF REPEALING ACT—SPECIAL ACT—CONTRACTS—PROHIBITED BY LAW—REMEDY—CONSTITUTIONAL LAW—EX POST FACTO—RECOVERY—SEVERAL DEFENDANTS—EX DELICTO—EX CONTRACTU.

1. An act, in so far as it is repugnant to a prior act, repeals it.

[Cited in State v. Mines, 38 W. Va. 131, 18 S. E. 470.]

2. But the repeal of the last act, does not give vitality to the first act.

3. An express statute declares the repeal of the repealing act, shall not give force to the act repealed.

4. And this statute applies equally to repealed acts, whether repealed expressly or by a subsequent and repugnant act.

5. A contract growing out of an illegal transaction, or which is connected therewith, cannot be enforced.

6. The repeal of a prohibitory act does not make valid contracts entered into against law.

[Cited in Banchor v. Mansel, 47 Me. 62; Nichols v. Poulson, 6 Ohio, 309.]

7. But the legislature may give a remedy on a contract founded on a valuable consideration, where no remedy exists.

8. It may not only remove the prohibition, but where justice and good conscience require, suit may be authorised.

9. Such a law does not impair the obligation of the contract—is not an ex post facto law, nor does it in any respect conflict with the federal constitution.

10. That such a law is special is no more objectionable than every special law which gives corporate powers to an association of individuals.

11. In an action of tort, a recovery may be had against a part of the defendants.

12. But in an action ex contractu, the recovery must be against all or none.

[Cited in brief in Shapleigh v. Abbott, 41 Me. 174.]

[This was an action by Milne & Co. against Huber and others.]

Chase & Miner, for plaintiffs.
Fox & Schenck, for defendants.

OPINION OF THE COURT. This action is brought under the statute against the defendants as stockholders of the Washington Library Association, which was engaged in unlawful banking. Four thousand dollars of the notes in circulation, issued by said institution, and held as collateral security for the payment of three thousand dollars, were given in evidence. Also the following bill of exchange: "$3000.00 Gentlemen, Cincinnati, August 5th, 1840. Sixty days after date pay to the order of E. L. Jones, cashier, three thousand dollars, and charge to account of your ob't ser't. John Phillips. Directed to Messrs. Sylvester & Co. Indorsed, E. L. Jones, cashier, G. J. Slocum."

1 [Reported by Hon. John McLean, Circuit Justice.]